## Commonwealth *v.* Palome, Appellant.

*Criminal law—Murder—Homicide—Self-defense — Instruction to jury.*

In a murder trial, at which the accused set up a plea of self-defense, an instruction that the jury should first determine whether the accused was guilty, and, if so, of what crime, and, after having done so, they should then "take up the defense in the case," is reversible error, inasmuch as the accused is entitled to have his plea and the testimony in support of it, considered by the jury in connection with the case as made out by the Commonwealth, from the moment the jury retires to deliberate upon their verdict.

Argued Jan. 7, 1919. Appeal, No. 3, Oct. T., 1919, by defendant, from judgment of O. T. Cambria Co., Sept. T., 1917, No. 4, upon verdict of guilty of murder in the first degree in the case of Commonwealth of Pennsylvania v. Joseph Palome. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Indictment for murder. Before STEPHENS, P. J.

Verdict of guilty of murder in the first degree upon which sentence of death was pronounced. Defendant appealed.

*Errors assigned* were the instructions to the jury and the sentence of the court.

*John McCann,* with him *Alvin Sherbine,* for appellant.

*D. P. Weimer,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, February 17, 1919:

The appellant was found guilty of murder of the first degree, and on this appeal from the judgment which followed, his complaints are of the instructions to the jury.   The charge was adequate in defining manslaughter and correct as to what constitutes murder of the second degree.   Nothing more need be said in dismissing the assignments alleging error in the instructions as to these two offenses than that the trial judge followed Commonwealth v. Drum, 58 Pa. 9.

The sole plea of the prisoner was self-defense.   There was a strike at St. Michael, the town in which the homicide was committed.   According to the testimony of the prisoner, the deceased insisted that he join it; that, when he refused to do so, the deceased said to him: "I order you to leave town at once.   If you don't I am going to shoot you in the head"; that he then drew a revolver, saying: "Now I am going to shoot and you will not have another day in St. Michael to live"; that thereupon the defendant shot to protect himself.   In corroboration of his account of the shooting there was testimony that when the deceased was picked up a revolver "fell out of him."   The plea of the prisoner, supported by his own testimony and that of two other witnesses, was to be given serious consideration by the jury, in connection with the case as presented by the Commonwealth, in determining whether he had committed any offense; but the anomalous instruction to them was that they should first determine whether he

was guilty, and if so, of what crime, and that after having done so, they should then "take up the defense in the case." This meant to the jury that they might first find the prisoner guilty without considering his defense at all. From the moment they retired to deliberate upon their verdict, his plea, and the testimony in support of it, were for their consideration, in immediate connection with the case as made out by the Commonwealth, and no verdict ought to have been reached until they had so considered it in the solemn issue committed to them; but, under the court's instruction, they may have found him guilty before they considered his defense, and therefore the verdict must be set aside.

Judgment reversed and a venire facias de novo awarded.